

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00469-CV

**IN THE INTEREST OF K.E.P.**, K.N.P., and C.L.P., Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01351
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: November 21, 2018

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Dad appeals the trial court's order terminating his parental rights to his children

K.E.P., K.N.P, and C.L.P.  For the reasons given below, we affirm the trial court's order.

The Department petitioned for temporary conservatorship of the children because of

alleged domestic violence.  The trial court heard evidence that Dad was personally served, signed

his service plan, was an alleged father, but never legitimated the children.  Dad did not pay child

support, visit the children, or complete any portion of his service plan.  He was aware of the trial,

but he did not appear.  The trial court found Dad failed to legitimate, and in the alternative, Dad's

course of conduct met statutory grounds (N) and (O), and terminating Dad's rights was in the

children's best interests.  It terminated Dad's parental rights to the children.  Dad appeals.

*ANDERS* **BRIEF**

Dad's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). Counsel also represents that he provided Dad with a copy of the *Anders* brief, his motion to withdraw, and a form to request a free copy of the appellate record. He advised Dad of his right to review the record and file his own brief.

We ordered Dad to file his pro se brief, if any, not later than September 20, 2018. Dad did not request a copy of the record or file a pro se brief.

Having carefully reviewed the entire record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order. We affirm the trial court's order.

**MOTION TO WITHDRAW**

In his motion to withdraw, court-appointed appellate counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous. Counsel's duty to Dad is not yet complete; the motion to withdraw is denied. *See id.* at 27, n.11; *see also* TEX. FAM. CODE ANN. § 107.016(3); *In Interest of A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the [father] wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'" (quoting *In re P.M.*, 520 S.W.3d at 27–28)).

Patricia O. Alvarez, Justice